UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYNNE A. WINSTON,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br><br>Defendant. | Case No. 19-cv-03306-SVK<br><br>**ORDER ON PETITION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B)**<br><br>Re: Dkt. No. 21 |

This case began as an appeal by Plaintiff Carolynne Winston of a decision by Defendant, the Commissioner of Social Security, denying Plaintiff's claim for disability benefits. After Plaintiff filed a motion for summary judgment, the parties stipulated to remand the case for further proceedings. Dkt. 14, 15. The Court granted the stipulation and entered judgment based on that stipulation and order. Dkt. 16, 17. Following entry of judgment, the Court awarded Plaintiff $6321.70 in attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 20.

On remand, Plaintiff was awarded past-due benefits of approximately $95,000.00, plus other benefits. *See* Dkt. 21-4; Dkt. 21-2 ¶¶ 4-5.

Now before the Court is the petition of Plaintiff's counsel, Katherine Siegfried ("Counsel"), who represented Plaintiff in both the judicial proceedings and in administrative proceedings on remand, for an award of attorney's fees of $24,083.90. Dkt. 21. This application is made pursuant to 42 U.S.C. § 402(b) and the parties' contingent fee agreement. Counsel's petition includes a declaration from Plaintiff supporting Counsel's request for attorney's fees. Dkt. 21-2. The Government filed a response taking no position on the attorney's fees petition. Dkt. 22.

Having reviewed Counsel's petition, the relevant law, and the case file, the Court finds that

the fees sought are reasonable, and therefore **GRANTS** the petition and awards Counsel $24,083.90 in attorney's fees.

## I. FACTUAL BACKGROUND

On February 3, 2020, Plaintiff and Counsel entered into a Fee Agreement. Dkt. 21-3. The Fee Agreement contains an agreement by Plaintiff to pay Counsel "**a fee of up to twenty-five percent (25%) of all past-due benefits awarded in my case out of past-due benefits**, if we win my case." Dkt. 21-3 at 1 (emphasis in original).

The Social Security Administration withheld $24,083.90 of Plaintiff's past-due benefits to ensure there were sufficient funds available to pay any attorney's fees award. Dkt. 21-4 at 3; Dkt. 21-1 ¶ 6. The withheld amount represents 25% of the past-due benefits. Dkt. 21-4 at 3; Dkt. 21-1 ¶ 6.

Counsel now requests that the Court award her $24,083.90 in fees. Dkt. 21. Counsel has submitted time records reflecting 30.6 hours of her time for work performed in connection with the district court proceedings. Dkt. 21-1 ¶ 10; Dkt. 21-5. Counsel also states that she spent an additional 13.6 hours representing Plaintiff in administrative proceedings. Dkt. 21-1 ¶ 11.

The declaration submitted by Counsel states that if she is awarded Section 406(b) fees, she will reimburse Plaintiff the EAJA award of $6231.70. Dkt. 21-1 ¶ 12. In its response to Counsel's petition for attorney's fees, the Government discusses the fact that Plaintiff was awarded EAJA fees and states that "should the Court find that any amount of Counsel's [current fees] request under § 406(b) is reasonable, it would award Counsel § 406(b) fees and order Counsel to refund to Plaintiff the March 11, 2020 … EAJA fees that Counsel previously accepted for work before this Court." Dkt. 22 at 3.

## II. LEGAL STANDARD

Section 406(b) of the Social Security Act governs Counsel's request for fees. Under that provision, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.

2

§ 406(b)(1)(A). A court may award such a fee even if the award of past-due benefits resulted not from the court's judgment, but from remand proceedings ordered by the court. *McCullough v. Berryhill*, No. 16-cv-00625-BLF, 2018 WL 6002324, at *1 (N.D. Cal. Nov. 15, 2018). The attorney's fees awarded under Section 406(b) are paid by the claimant out of the past-due benefits awarded, not by the Government. *Id.*

Attorneys specializing in Social Security cases "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees of the representation is successful." *McCullough*, 2018 WL 6002324, at *1 (citing *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009)).

### III. DISCUSSION

As required by 42 U.S.C. § 406(b)(1)(A), the Court must determine whether Counsel's request for fees of $24,083.90 is reasonable. In its notice of award, the Social Security Administration represented that this amount represented 25 percent of past-due benefits payable to Plaintiff. Dkt. 21-4 at 3. Plaintiff agrees that this amount is "what we agreed to at the start of my case." Dkt. 21-2 ¶ 6.

Nothing in the record suggests that Counsel's performance was substandard or that Counsel delayed proceedings in an effort to increase the amount of fees awarded. After Counsel filed a summary judgment motion, she obtained the Commissioner's stipulation to remand the case. On remand, Plaintiff won a substantial award of past-due benefits and ongoing benefits. Thus, Counsel obtained a favorable result for Plaintiff in an efficient manner.

The fee award of $24,083.90 for 44.2 hours of Counsel's work in this district court case and on remand translates to an hourly rate of approximately $545. Courts in this circuit have awarded fees under Section 406(b) with effective hourly rates ranging between $1,000.00 and $1,500.00. *See McCullough*, 2018 WL 6002324, at *2 and cases cited therein. In this context, the fees sought by Counsel are reasonable.

Accordingly, the Court concludes that Counsel's request for $24,083.90 under Section 406(b) is reasonable under the facts of this case. Counsel is required to reimburse Plaintiff for all EAJA fees received by Counsel.

3

## IV.   CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

    (1)    Counsel's motion for attorney's fees under 42 U.S.C. §405(b) is **GRANTED** in the amount of $24,083.90; and

    (2)    Counsel must refund Plaintiff the sum of $6231.70 previously awarded as EAJA fees.

**SO ORDERED.**

Dated: January 25, 2021

_____
SUSAN VAN KEULEN
United States Magistrate Judge